# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT SEATTLE

| | |
|---|---|
| MICHAEL GAMBLE and CHARLOTTE GAMBLE, husband and wife,<br><br>Plaintiffs,<br><br>v.<br><br>THE BOEING COMPANY EMPLOYEE RETIREMENT PLAN, THE BOEING COMPANY EMPLOYEE BENEFITS PLAN COMMITTEE,<br><br>Defendants. | Case No. C10-1618RSL<br><br>ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION |

This matter comes before the Court on Defendants' motion for reconsideration (Dkt. # 64) and/or motion for summary judgment (Dkt. # 65). Both concern the same issue: Defendants' belief that the Court denied their previous request for summary judgment based on a material misunderstanding as to whether Defendants eliminated the early retirement penalty previously imposed on Plaintiffs' benefits when he retired for a second time in 2006.

Defendants are correct. When it denied Defendants' motion, the Court was under the impression that Mr. Gamble's benefit had not been adjusted to remove the early retirement penalty previously imposed. See Order (Dkt. # 63) at 6–8. But as the evidence demonstrates, Dkt. # 45 (AR 26); Dkt. # 48 at 11, and Plaintiffs concede, Response (Dkt. # 66) at 2–3, that is not the case. Upon his second retirement, Mr.

ORDER GRANTING DEFENDANTS' MOTION FOR RECONSIDERATION - 1

Gamble's benefit was recalculated to eliminate the early retirement benefit previously imposed. Dkt. # 45 (AR 26); Dkt. # 48 at 11; Dkt. # 66 at 2–3.

Accordingly, the Court's conclusion that Defendants violated ERISA § 502(a)(1)(B), 29 U.S.C. § 1132(a)(1)(B) by failing to recalculate "Mr. Gamble's BCERP benefit upon his second retirement to reduce the early retirement penalty imposed in 1991," Dkt. # 63 at 7–8, was erroneous. And as this was the sole basis for the Court's denial of Defendants' original summary judgment motion (Dkt. # 43), the Court GRANTS Defendants' motion for reconsideration (Dkt. # 64). See Local Civil Rule 7(h)(1). Defendants are entitled to judgment as a matter of law on Plaintiffs' claim that the Committee abused its discretion under the literal terms of the Plan when it denied Mr. Gamble's request to merge his two periods of employment together for purposes of calculating his pension benefit. As a result, only Plaintiffs' equitable estoppel theory of liability remains at issue.[1]

Because the Court grants Defendants' motion for reconsideration, it DENIES as moot Defendants' related motion for summary judgment (Dkt. # 65).

DATED this 5th day of June, 2012.

*Robert S. Lasnik*
Robert S. Lasnik
United States District Judge

---

[1] In its prior Order (Dkt. # 63), the Court merely denied Plaintiffs' motion for summary judgment on this claim. Accordingly, the theory remains at issue.